UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANE BIENEMY                                   CIVIL ACTION

v.                                             NO. 06-5199

AMERICAN SECURITY INSURANCE COMPANY            SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

Background

Jane Bienemy suffered property damage during Hurricane Katrina. On July 28, 2006, Bienemy filed a Petition for Declaratory Judgment in the 34th Judicial District Court in St. Bernard Parish, requesting that the defendant, American Security Insurance Company, be required to pay the balance of her policy limit. American Security has paid Bienemy $3,633 of a $69,600 policy. On August 25, 2006, Bienemy filed a separate petition in the 34th Judicial District Court in St. Bernard Parish, demanding damages, penalties, and attorneys' fees under La. R.S. 22:1220 and 22:658.

1

American Security removed the lawsuit to this Court on August 28, 2006, invoking the original jurisdiction of this Court under 28 U.S.C. § 1332, stating that the parties are completely diverse and the amount-in-controversy requirement is met. Bienemy now moves to remand the petition for declaratory judgment, arguing that the amount-in-controversy requirement for federal diversity jurisdiction is not satisfied. With her motion to remand, she includes a stipulation stating that she seeks less than $75,000 for all damages from American Security.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity

must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

American Security contends that this Court has diversity jurisdiction over this suit because the parties are completely diverse and the amount-in-controversy requirement is met.

### III.

Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court.  28 U.S.C. § 1446(b).  This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).  The plaintiffs' petition, in conformity with Louisiana law, in this case was silent regarding damages.  When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

The defendant argues this Court should consider the plaintiff's post-complaint, separately filed petition for attorneys' fees, damages, and penalties as evidence that the amount-in-controversy exceeds $75,000.  The plaintiff argues the

3

Court should consider her post-complaint stipulation stating that she seeks less than $75,000 for all damages from American Security in this action. Neither of these post-complaint papers, however, may be considered in testing the amount in controversy. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 (5th Cir. 1998)(finding that neither a counterclaim nor a separately filed state court petition could be considered in testing the amount in controversy).[1]

In a suit for declaratory judgment, "[t]he amount in controversy ... is the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., 134 F.3d at 1252-53 (5th Cir. 1998)(quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). When the issue is a declaratory judgment regarding the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law. Buras v.

---

[1] Post-removal affidavits may be considered in determining the amount in controversy only if the basis for jurisdiction is ambiguous at the time of removal. Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds. On that issue, this Court is bound by the Fifth Circuit's decision in St. Paul Reinsurance.

Birmingham Fire Insurance Co. of Penn., 327 F.2d 238, 238-39 (5th Cir. 1964)(finding penalties could serve to establish jurisdiction if the charge was "intended to be in the nature of a coercive penalty towards prompt settlement" as opposed to interest).  This rule applies even when the claimant has not asserted a claim of bad faith.  St. Paul Reinsurance Co., 134 F.3d at 1252-53.

The plaintiff's petition for declaratory judgment does not include a monetary demand; rather, the plaintiff requests the difference between her policy limit and the amount already tendered by American Security.  This balance is approximately $65,966.  Like the facts in St. Paul Reinsurance, this state has statutory penalties that apply automatically if an insurance claim is not paid timely.  See La. R.S. 22:1220.[2]  According to the Fifth Circuit, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorneys' fees should be used to determine the amount in controversy.  See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911-12 (5th Cir. 2002)(citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250,

---

[2] La. R.S. 22:1220 provides that "[a]n insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties *shall be liable* for any damages sustained as a result of the breach." (Emphasis added.)  The statute defines examples of breach to include failing to pay the amount of a claim within sixty days and failing to pay claims when the failure is "arbitrary, capricious, or without probable cause."

5

1253 (5th Cir. 1998).³

Adding the plaintiff's claim of $65,966 and the mandatory statutory penalties, the defendant can prove by a preponderance of the evidence that the claim is valued over $75,000, meeting the amount-in-controversy requirement for diversity jurisdiction.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, October 10, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

³ The plaintiff erroneously cites <u>Allange v. Allstate Insurance Co</u>, No. 06-1439 (E.D. La. Sept. 21, 2006)(Vance, J.), to support her assertion that only the value of the claim and not the value of the underlying policy should be considered when determining the amount in controversy. Judge Vance cited <u>Hartford Ins. Group</u> for the proposition that when a claim is for *less* than the total amount of an insurance policy, the "value of the right to be protected" is only the amount of the claim, and that amount only shall be used to determine the amount in controversy. Here, the plaintiff demands the policy limit, and so, according to <u>Hartford</u>, statutory penalties should be used to determine the amount in controversy.